ARTURO IZQUIERDO, Plaintiff and Appellee, *v.* BANCO INDUSTRIAL DE PUERTO RICO, Defendant and Appellant.

No. 5197.  Argued March 17, 1931.—Decided January 15, 1932.

*Campos & Romero* for appellant.  *R. Rivera Zayas* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The Banco Masónico de Puerto Rico, which later became

the Banco Industrial de Puerto Rico, began a suit in the Municipal Court of San Juan against Arturo Izquierdo, Antonio Díaz, and Félix Monclova to recover the sum of something over one hundred dollars. To secure the effectiveness of the judgment, the plaintiff attached a house of concrete situated in José de Diego Street in the Municipality of Toa Alta which was the property of Arturo Izquierdo; or else he had the ownership subject to the possible claim of the municipality. Judgment was obtained and in execution thereof a sale was set for the third of November, 1928, at 2 p. m.

Meanwhile, the parties were in negotiations for a compromise. Apparently they did not agree upon the terms of the compromise until the very morning of the third of November, when the sale had been set for 2 o'clock of the same day. It is apparently admitted by the appellee, Arturo Izquierdo, that the definite agreement was not arrived at until about 10 a. m. of the 3rd of November. The contract was to be reduced to a formal deed. This was drafted between eleven and twelve o'clock and was signed forthwith by the debtor Izquierdo, and by the wife of the debtor at about one o'clock and by the bank at about three o'clock. While the negotiations on that day were pending, Mr. Izquierdo asked Mr. Schlüter, president of the Banco Industrial, to cause the judicial auction sale set for two o'clock to be suspended. Mr. Schlüter referred Mr. Izquierdo to Mr. Campos del Toro, attorney of the bank. The latter instructed one of the employees of the bank to call up the Marshal of the Municipal Court of Toa Alta and ask him to suspend the sale. It was impossible to establish communication with Toa Alta by telephone. Thereupon Mr. Campos del Toro sent a telegram to the marshal instructing him to suspend the sale. There was evidence tending to show that Arturo Izquierdo requested Campos del Toro to accompany him to Toa Alta, which the said attorney did not do, evidently on the theory that the marshal would not proceed to a sale. It transpired that Mr. Campos del Toro had in his pocket the certificates of publication of the

edicts and therefore he thought that the marshal would not proceed to a sale without such certificates being first exhibited to him. In this Mr. Campos del Toro was mistaken because at two o'clock of Saturday, November 3, 1928, the marshal sold the property valued ultimately perhaps at five or six thousand dollars for the sum of about $200. The sale was recorded in the registry within a very short time, and the property thus recorded the purchaser sold it to a third person. This suit was brought by Arturo Izquierdo against the Banco Industrial for not causing the suspension of the sale and allowing a title to arise to the property in a third person against whom a suit was difficult if not impossible.

The District Court of San Juan where the suit of Izquierdo was filed held in favor of the plaintiff.

As we have said, the parties arrived at a formal deed of compromise whereunder payment of the amount of the judgment and costs ($145.69) was postponed for six months and secured by a mortgage on the same property. The deed contained no recital that the execution sale should be suspended, but we are inclined to agree with the court below that the failure of the deed to mention this fact could not aid the appellant bank if such an actual agreement would have caused the bank to be responsible to Arturo Izquierdo for the failure to suspend the sale. In other words, if the compromise of the morning of November 3, 1928, imposed a duty on the bank to take active steps to suspend the sale, the failure of the deed to mention this duty made no difference. Perhaps it is well enough to add that the bank, after the sale, made attempts to annul the same by motion before the Municipal Court of San Juan. The district court held that it was an inherent obligation of the defendant bank to stop the sale; that if the bank made a compromise with Arturo Izquierdo a very definite obligation on the part of the bank arose to cause a suspension of the proceedings and not to continue the same. More or less the theory is that the marshal of Toa-Alta was nothing but a continuation of the

personality of the bank and hence the bank was responsible for the acts of its agent; that the idea of the transaction was to suspend the sale; that the bank failed to suspend the sale and thus was negligent. Certain technical positions assumed by the bank were overruled by the court in all probability correctly, and we shall not discuss them.

Of what we are not convinced either by the court below or by the appellee is that the bank was in fact negligent or even if, under the circumstances, any legal duty arose to do more than the bank actually did in this case.

Assuming that some obligation arose on the part of the bank to try to suspend the sale, we hold that the bank did all that could be normally expected of a creditor in trying to suspend a sale. As the appellant points out, the bank had an interest in suspending the sale but no duty of going to Toa Alta.

There was some question as to whether the marshal of the Municipal Court of Toa Alta could have suspended the sale without an order of the municipal court. We are inclined to agree with the appellee that the marshal ought to have suspended the sale when so ordered by the bank.

The principal ground of this decision is that the bank did all that could be reasonably required of a creditor to suspend a sale, especially when it is conceded that the compromise was only effected, it may be said, a few minutes or hours before the sale was to take place. By reason of the failure of Arturo Izquierdo to pay the judgment or to begin his negotiations for compromise before, the difficult situation in which he finds himself arose. The debtor could readily have obtained from Campos del Toro an order to the Marshal of the Municipal Court of Toa Alta telling him to desist from making the execution sale or taking some other step in the last moment or before to be sure that the sale did not take place. Both parties had an interest in suspending the sale, and the interest of Izquierdo was much greater than that of

the bank. Both parties had the same power of prevision to realize that the marshal would proceed to a sale if not duly stopped. While it is true that attorney Campos del Toro erroneously believed that the sale would not take place, yet the court held that all the parties in the case acted in good faith.

Now, while to a certain extent it is true that the marshal is a sort of an agent of the plaintiff, yet to a greater extent a marshal is an arm of the court to execute its judgments. It is the law that requires a marshal to execute a judgment. All of this was equally within the knowledge of both parties. It may be said that, if negligence could be imputed to the bank, a case of contributory negligence arose on the part of the plaintiff, not only in not taking prompt action but in not himself going to Toa Alta. The appellant insists very properly that there was no obligation on the part of the bank to go to any expense.

Perhaps the principal consideration in the case is that the whole matter was an unfortunate accident due principally to the failure of the debtor to move more promptly.

The judgment should be reversed and the complaint dismissed.